Yvette D. Roland (SBN 120311)
DUANE MORRIS LLP
865 S. Figueroa St., Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
E-mail: ydroland@duanemorris.com

Gregory P. Gulia (admitted pro hac vice)
Vanessa C. Hew (admitted pro hac vice)
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
E-mail: gpgulia@duanemorris.com
E-mail: vchew@duanemorris.com

Attorneys for Plaintiff
Living Assistance Services, Inc.
d/b/a Visiting Angels

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVING ASSISTANCE SERVICES, INC. d/b/a VISITING ANGELS<br><br>Plaintiff,<br><br>v.<br><br>VISITING ANGELS HOME HEALTH SERVICES, INC., et al.<br><br>Defendants. | Case No.: 2:12-cv-09002-DSF-JC<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>DATE:   January 28, 2012<br>TIME:    11:00 a.m. |

a.   **Statement of the Case:**

   **1.   Main Claims**

   Plaintiff owns the exclusive trademark rights to VISITING ANGELS® in connection with senior homecare and eldercare services. Plaintiff grants franchises to individuals and entities to operate senior homecare and eldercare businesses. Through its franchises, Plaintiff offers a variety of around-the-clock services, including in-home care, respite care, companion care, Alzheimer's services, hygiene assistance,

meal preparation, housekeeping services, errands, fall prevention services and medication and fluid reminders all under the VISITING ANGELS® mark. Plaintiff's customers custom order Plaintiff's services and use Plaintiff's "Select Your Caregiver Program" to custom select a caregiver.

Plaintiff's VISITING ANGELS® mark is federally registered for "[p]roviding non-medical assisted living home care to the elderly" in International Class 42 and has achieved incontestable status. Plaintiff has provided high quality senior homecare and eldercare services under its VISITING ANGELS® mark since at least as early as 1998 and long prior to the acts of the Defendants. Plaintiff's VISITING ANGELS® services are of the highest quality because its caregivers are experienced, licensed and subject to regular review. Further, Plaintiff has invested and continues to invest enormous amounts of labor and money into developing, advertising, promoting and marketing its VISITING ANGELS® mark and the services sold thereunder. Specifically, Plaintiff promotes its mark throughout the country with its national advertising and branding campaigns.

As a result of Plaintiff's efforts, its VISITING ANGELS® mark has achieved enormous value and goodwill and maintains outstanding public recognition. Indeed, Plaintiff is one of the most successful and highly regarded senior homecare and eldercare companies in the United States. In particular, Plaintiff operates more than 400 franchises across the United States and its services are purchased across the country. Plaintiff has received many awards for its services offered under its VISITING ANGELS® mark, including the Best of Medford Award in 2012, Home Care Pulse's Best of Home Care Distinction and was ranked by Entrepreneur Magazine as one of fastest growing franchises in America. Finally, a Google search of the phrase "visiting angels" yields almost exclusively images of and references to Plaintiff's VISITING ANGELS® services.

Defendants provide nursing, therapeutic, personal care and social work services in connection with the name VISITING ANGELS HOME HEALTH SERVICES ("Infringing Mark"). Specifically, Defendants offer services that are identical to or closely related to Plaintiff's services, including medication monitoring, meal preparation and personal care services. Defendants market, advertise and promote their services in connection with the Infringing Mark, including on their website, available at www.vahhi.com.

Defendants' unauthorized use of the Infringing Mark is likely to deceive, mislead and confuse the consuming public. Defendants use the Infringing Mark with the purpose of trading on Plaintiff's goodwill, effort and investment. Indeed, consumers are likely to believe that Defendants' homecare and eldercare services originate with and/or are sponsored by, licensed from, or otherwise affiliated with Plaintiff. Defendants engage in intentional and willful infringement in light of their refusal to cease the infringing conduct after being put on notice Plaintiff's exclusive rights. Defendants' conduct is in violation of 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a)(1), CAL. BUS. & PROF. CODE § 17200, CAL. BUS. & PROF. CODE § 14330 and California common law.

### 2.     Affirmative Defenses

Defendants assert several affirmative defenses, including that Plaintiff failed to state of a cause of action upon which relief can be granted and that Plaintiff's claim is barred by the doctrine of laches. Defendants assert that consumers are not likely to confuse Defendants' services with Plaintiff's services and that their use of the VISITING ANGELS® mark constitutes fair use. Finally, Defendants assert that their conduct does not infringe upon Plaintiff's rights.

b. **Subject Matter Jurisdiction:**

The Court has jurisdiction under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), Sections 1332(a), 1338(a), 1338(b) and 1367(a) of the Judicial Code, 28 U.S.C. § 1332(a), § 1338(a), § 1338(b) and § 1367(a) and under principles of supplemental jurisdiction. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

c. **Legal Issues:**

This is an action for trademark infringement and unfair competition with respect to Plaintiff's federally registered VISITING ANGELS® trademark in connection with senior homecare and eldercare services. The action arises out of Defendants' unauthorized past, current and planned use of the Infringing Mark in connection with nursing, therapeutic, personal care, and social worker services. Defendants' unauthorized use provides the basis for Plaintiff's federal trademark infringement and unfair competition claims under Sections 32(1) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1114(1) and 1125(a), and for substantial and related claims under the laws of the State of California including, Cal. Bus. & Prof. Code § 17200 and Cal. Bus. & Prof. Code § 14330 and under common law.

d. **Parties, Evidence, Etc.:**

Plaintiff Visiting Angels is a corporation duly organized and existing under the laws of Delaware with an address at 28 W. Eagle Road, Havertown, PA 19083-1445.

Plaintiff has no corporate parents, affiliates and/or subsidiaries that are publicly held and/or own 10% or more of Plaintiff's stock.

Defendant Visiting Angels Home Health Services, Inc. is a California corporation with a place of business at 3200 Wilshire Boulevard, Suite 311, Los Angeles, California 90010-1307. Defendant, Visiting Angels Home, Health Services, Inc., has no corporate parents, affiliates and/or subsidiaries that are publicly held and/or own 10% or more of Defendant's stock. Defendant, Naira Tshorokhyan, is an individual and officer, director and/or managing agent of Visiting Angels Home Health Services, Inc. Defendant, Naira Tshorohyan resides at 210 N. Belmont Street, Apartment 101, Glendale, CA 91206.

The parties agree that the percipient witnesses regarding the liability issues of the case are:

For Plaintiff: Scott Parrish, Senior Vice President of Living Assistance Services, Inc. and Lawrence Meigs, CEO of Living Assistance Services, Inc.

For Defendants: Naira Tshorokhyan, President of Visiting Angeles Home Health Services, Inc.

The parties agree that the key documents in this litigation concern are:

- Documents regarding Plaintiff's adoption of the mark VISITING ANGELS® in connection with homecare and eldercare services;
- Documents regarding Plaintiff's marketing, distribution, sale, advertising and promotion of homecare and eldercare services under the VISITING ANGELS® mark;
- Documents regarding Plaintiff's history of using the VISITING ANGELS® mark (including Plaintiff's first use of the VISITING

ANGELS® mark and Plaintiff's continuous use of the VISITING ANGELS® mark in connection with homecare and eldercare services);

- Documents regarding Plaintiff's United States trademark application and registration for the VISITING ANGELS® mark;

- Documents regarding Plaintiff's enforcement of the VISITING ANGELS® mark in connection with homecare and eldercare services;

- Documents regarding Plaintiff's sales, costs and profits in connection with the VISITING ANGELS® mark;

- Documents regarding Plaintiff's business generally;

- Documents regarding Defendants' unauthorized adoption of the VISITING ANGELS HOME HEALTH SERVICES name;

- Documents regarding Defendants' unauthorized marketing, distribution, sale, advertising and promotion of homecare and eldercare services under the VISITING ANGELS HOME HEALTH SERVICES name;

- Documents regarding Defendants' unauthorized use of the VISITING ANGELS HOME HEALTH SERVICES name;

- Documents regarding Defendant's corporate formation;

- Documents regarding a health insurance benefit agreement with the Secretary of Health and Human Services;

- Documents regarding Plaintiff's advertising in Southern California.

e. **Damages:**

Under trademark law, injury is presumed from the mere likelihood of confusion because infringement places the owner's reputation, and that of its goods and services, beyond its control. The parties have not yet engaged in discovery. Accordingly, a determination regarding the probable range of damages is not possible until the parties obtain evidence and information from discovery procedures.

f. **Insurance:**

Defendants do not have insurance coverage.

g.  **Motions:**

The parties do not presently anticipate a need to join additional parties, amend pleadings, or transfer venue. However, the parties reserve the right to seek permission to amend the pleadings and to add additional parties and/or causes of actions as may be warranted upon further discovery in this action.

h.  **Manuel for Complex Litigation:**

At this time, the parties are not aware of any procedures of the Manual for Complex Litigation that need to be utilized here.

i.  **Status of Discovery:**

Formal discovery has not yet commenced in this case. The parties are scheduled to exchange Rule 26(a)(1) Initial Disclosures on January 22, 2013.

j.  **Discovery Plan:**

1.  **Rule 26(f)(3): Discovery Needed by Plaintiff**

Plaintiff will serve written discovery requests, including requests for admission, document requests, and written interrogatories, on the following issues among others: (1) Defendants' violations of Plaintiff's intellectual property rights and the nature and length of time of such activities; (2) Defendants' marketing, distribution, and/or promotion of its services under the Infringing Mark; (3) Defendants' knowledge of Plaintiff's prior use of the VISITING ANGELS® mark; (4) Defendants' selection and adoption of the Infringing Mark; (5) Defendants' services bearing the Infringing

Mark; and (6) Defendants' revenue and profits realized as a result of Defendants' violation of Plaintiff's intellectual property rights.

In addition, Plaintiff anticipates deposing the witnesses as to the above mentioned topics and any other witnesses as the need arises.

## 2. Rule 26(f)(3): Discovery Needed by Defendants

Defendants intend to serve written discovery requests, including requests for admission, document requests and written interrogatories on the issues of the scope of Plaintiff's business and services, marketing of Plaintiff's services in Southern California, Plaintiff's claimed infringement, claimed confusion, claimed loss of profits and revenue arising from Defendants' alleged violation of Plaintiff's intellectual property rights.

In addition, Defendants anticipate deposing witness as to the above mentioned topics.

## 3. Rule 26(f)(3): Limitations on Discovery

At this time, the parties do not anticipate that any changes to or limitations of the discovery procedures will be necessary.

## 4. Rule 26(f)(3): Issues Regarding Electronic Discovery

Plaintiff assumes that Defendants agree to take reasonable steps to preserve electronically stored information and that electronically stored information will be produced by a method to be later agreed upon by the parties in light of the relevant electronically stored information available.

5. **Other Orders Pursuant to Rule 26(f)(3)**

The parties anticipate that various confidential proprietary and financial documents and other information and materials will be produced in connection with discovery. The parties will submit a Protective Order under Rule 26(c) for review and approval by the Court.

6. **Proposed Deadlines**

See Schedule of Pretrial and Trial Dates attached as Exhibit A.

k. **Discovery Cut-off:**

October, 21 2013 for the close of fact discovery.

l. **Expert Discovery:**

November 18, 2013 for Expert Disclosure (initial); January 6, 2014 for Expert Disclosure (rebuttal) and February 10, 2014 for close of expert discovery.

m. **Dispositive Motions:**

After discovery is conducted, the issues of Defendants' liability for all claims and damages pursuant thereto may be ripe for consideration on summary judgment. At this time, it is unknown whether the authenticity of documents will be an issue or whether the parties will need advance rulings from the Court as to certain evidentiary matters. The parties will endeavor to resolve as many evidentiary issues as possible by means of admissions and stipulations. The parties do not anticipate the need for advanced rulings from the Court on admissibility of evidence.

n.  **Settlement/Alternative Dispute Resolution (ADR):**

The parties elect to participate in court's mediation program, as described in this Court's November 13, 2012 Order. The parties engaged in preliminary settlement discussions during their Rule 26(f) Conference.

o.  **Trial Estimate:**

The parties estimate 3 days for a jury trial with approximately 2 witnesses for Plaintiff expected and 2 or 3 witnesses for Defendants expected.

p.  **Trial Counsel:**

Yvette Roland, Esq., Gregory P. Gulia, Esq. and Vanessa C. Hew, Esq. will try the case for Plaintiff. Eugene Alkana, Esq. will try the case for Defendants.

q.  **Independent Expert or Master:**

The parties do not presently anticipate a need for a master pursuant to Rule 53 or an independent scientific expert.

r.  **Timetable:**

See Schedule of Pretrial and Trial Dates attached as Exhibit A.

s.  **Other Issues:**

At this time, the parties are not aware of any other issues affecting the status or management of this case.

| | |
|---|---|
| DATED: January 22, 2013 | Respectfully submitted, |
| | By: /s/ Yvette D. Roland<br>Yvette D. Roland (SBN 120311)<br>DUANE MORRIS LLP<br>865 S. Figueroa St., Suite 3100<br>Los Angeles, CA 90017-5450<br>Telephone: (213) 689-7400<br>Facsimile: (213) 689-7401<br>E-mail: ydroland@duanemorris.com |
| | Gregory P. Gulia (admitted *pro hac vice*)<br>Vanessa C. Hew (admitted *pro hac vice*)<br>DUANE MORRIS LLP<br>1540 Broadway<br>New York, New York 10036-4086<br>Telephone: (212) 692-1000<br>Facsimile: (212) 692-1020<br>E-mail: gpgulia@duanemorris.com<br>E-mail: vchew@duanemorris.com |
| | Attorneys for Plaintiff<br>Living Assistance Services, Inc. d/b/a Visiting Angels |
| DATED: January 22, 2013 | By: /s/ Eugene Alkana<br>Eugene Alkana<br>131 N El Molino Avenue<br>Pasadena, CA 91101-1873<br>Telephone: (626) 808-6792<br>Email: eugenealkana@yahoo.com |
| | Attorney for Defendants |

# Exhibit A

# SCHEDULE OF PRETRIAL AND TRIAL DATES

**CASE NAME:** Living Assistance Services, Inc. d/b/a Visiting Angels v. Visiting Angels Home Health Services, Inc. and Naira Tshorokhyan

**CASE NO:** 2:12-cv-09002-DSF-JC

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|---|---|
| Trial jury; Length 3 days | 8:00 am | | August 5, 2014 | August 5, 2014 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | | 2 | July 21, 2014 | July 21, 2014 | |
| **For Jury Trial** Lodge Pretrial Conference Order, LR 16-7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc.; File Oppositions to Motions in Limine | | 4 | July 9, 2014 | July 9, 2014 | |
| **For Jury Trial** File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5,6; File Status Report Regarding Settlement; File Motions in Limine | | 6 | June 24, 2014 | June 24, 2014 | |
| Last date to conduct ADR Proceeding, LR 16-15 | | 37 | November 18, 2013 | November 18, 2013 | |
| Last day for hearing motions, LR 7 | | 41 | October 21, 2013 | October 21, 2013 | |
| Non-expert Discovery Cut-off | | 41 | October 21, 2013 | October 21, 2013 | |

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|---|---|
| Expert Disclosure (initial) | | 37 | November 18, 2013 | November 18, 2013 | |
| Expert Disclosure (rebuttal) | | 30 | January 6, 2014 | January 6, 2014 | |
| Expert Discovery Cut-off | | 25 | February 10, 2014 | February 10, 2014 | |
| Last Date to Amend Pleadings or Add Parties | | 41 | October 21, 2013 | October 21, 2013 | |
| Deadline to File Dispositive Motion | | 13 | May 5, 2014 | May 5, 2014 | |

JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)